SEYFARTH SHAW LLP
Kristina M. Launey (SBN 221335)
klauney@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

SEYFARTH SHAW LLP
Myra B. Villamor (SBN 232912)
mvillamor@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
STARBUCKS CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VILLEGAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KC PROP, LLC, a California Limited Liability Company; STARBUCKS CORPORATION, a Washington Corporation; and DOES 1-10,<br><br>　　　　　Defendants. | Case No. 1:18-CV-00274-SKO<br><br>**JOINT REQUEST AND STIPULATION AND ORDER REGARDING SETTLEMENT CONFERENCE DEADLINES AND DISCOVERY STAY**<br><br>Date Action Filed: February 23, 2018<br><br>Settlement Conf.: February 14, 2019<br>Pretrial Conf.: August 14, 2019<br>Trial: October 8, 2019 |

| | |
|---|---|
| 1 | Plaintiff Luis Villegas ("Plaintiff") and Defendant Starbucks Corporation ("Defendant"), by and through their respective counsel of record, hereby agree to the following: |
| 2 | |
| 3 | |
| 4 | WHEREAS, Plaintiff alleged in his Complaint that there are two specific barriers to his access in violation of Title III of the Americans with Disabilities Act ("ADA") and related state law at 33300 Bernard Drive, Kettleman, California ("Property"), which is leased by Defendant (Dkt. 1); |
| 5 | |
| 6 | |
| 7 | |
| 8 | WHEREAS, Defendant contends that it has remediated one of the two alleged barriers to access, leaving only one alleged ADA violation at issue: The failure to provide a 36" length of accessible sales counter surface that is free from obstructions (Dkt. 1; ¶25); |
| 9 | |
| 10 | |
| 11 | |
| 12 | WHEREAS, Defendant maintains that under the 2010 ADA Standards ("ADAS") 904.4.1 (36 C.F.R. § Pt. 1191, App. D) Exception (the "904.4.1 Exception")[1] a public accommodation is permitted to provide less than 36" of sales counter space for use by customers where the entire counter is at an accessible height; |
| 13 | |
| 14 | |
| 15 | |
| 16 | WHEREAS, in *Johnson v. Starbucks,* Case No. 17-cv-02454-WHA, currently pending in the Northern District of California, the United States Department of Justice ("DOJ") has accepted the Court's invitation to file an Amicus Brief regarding the proper interpretation the 904.4.1 Exception. (A copy of the Court's invitation to file an Amicus Brief in *Johnson v. Starbucks* and the DOJ's acceptance of the invitation are attached as Exhibits A and B, respectively.); |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | WHEREAS, an agency's informal interpretations and amicus arguments regarding its own regulations are entitled to deference. *See Auer v. Robbins,* 519 U.S. 452, 461 (1997) (holding that the DOL's amicus interpretation of its own regulation was entitled to deference); |
| 23 | |
| 24 | |
| 25 | |

---

[1] The Exception states: ("Where the provided counter surface is less than 36 inches (915 mm) long, the entire counter surface shall be 36 inches (915 mm) high maximum above the finish floor.")

2

WHEREAS, the DOJ's interpretation of the 904.4.1 Exception is highly relevant to the Court's evaluation of Plaintiff's claims against Defendant, and will impact the Parties' assessment of the value of the case, the preparation of their Settlement Conference Statements, and their positions at the Settlement Conference;

WHEREAS, the DOJ anticipates filing the Amicus Brief by February 11, 2019 (*see* Exhibit B);

WHEREAS, the Parties' Settlement Conference Statements are currently due on February 8, 2019;

WHEREAS, a Settlement Conference in this matter is scheduled for February 14, 2019; and

WHEREAS, the Parties agree that the chances of a productive Settlement Conference will be significantly improved if the Parties have the opportunity to consider the DOJ's interpretation of the 904.4.1 Exception in the anticipated Amicus Brief to be filed in *Johnson v. Starbucks*; and

WHEREAS, the Parties agree to stay discovery until the DOJ's anticipated filing of the Amicus Brief on February 11, 2019 in order to avoid the unnecessary expenditure of time and resources.

NOW, THEREFORE, the Parties hereby jointly request and stipulate that:

1. The deadline to submit Settlement Conference Statements be continued to February 19, 2019;

2. The Court continue the Settlement Conference to a date of the Court's choosing sometime after February 19, 2019; and

3. Discovery is stayed until February 11, 2019 and the deadline to serve currently outstanding discovery responses be tolled until February 11, 2019.

**IT IS SO STIPULATED.**

Pursuant to Local Rule 131(e), counsel for Plaintiff has authorized submission of this document on his behalf.

DATED: January 22, 2019             SEYFARTH SHAW LLP

                                    By: */s/ Myra B. Villamor*
                                        Myra B. Villamor
                                        Attorneys for Defendant
                                        STARBUCKS CORPORATION

DATED: January 22, 2019             CENTER FOR DISABILITY ACCESS

                                    By: */s/ Dennis Price*
                                        Dennis Price
                                        Attorneys for Plaintiff
                                        LUIS VILLEGAS

**ORDER**

Pursuant to the stipulation of the parties (ECF No. 31), and finding good cause, IT IS ORDERED:

1. The deadline to submit Settlement Conference Statements is continued to **March 26, 2019**.

2. The Settlement Conference is continued to **April 4, 2019, at 1:00 p.m.**

3. The deadline to serve currently outstanding discovery responses is extended to **February 11, 2019.**

IT IS SO ORDERED.

Dated:   **January 24, 2019**            /s/ Erin P. Grosj[signature]
                                         UNITED STATES MAGISTRATE JUDGE